# CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C.
## COUNSELLORS AT LAW

| | | | | |
|---|---|---|---|---|
| CHARLES C. CARELLA | JAMES T. BYERS | | PETER G. STEWART | RAYMOND J. LILLIE |
| BRENDAN T. BYRNE | DONALD F. MICELI | **5 BECKER FARM ROAD** | FRANCIS C. HAND | WILLIAM SQUIRE |
| JAN ALAN BRODY | A. RICHARD ROSS | **ROSELAND, N.J.  07068-1739** | AVRAM S. EULE | STEPHEN R. DANEK |
| JOHN M. AGNELLO | CARL R. WOODWARD, III | **PHONE (973) 994-1700** | CHRISTOPHER H. WESTRICK* | DONALD A. ECKLUND |
| CHARLES M. CARELLA | MELISSA E. FLAX | **FAX (973) 994-1744** | JAMES A. O'BRIEN  III** | MEGAN A. NATALE |
| JAMES E. CECCHI | DAVID G. GILFILLAN | **www.carellabyrne.com** | | ZACHARY S. BOWER+ |
| | G. GLENNON TROUBLEFIELD | | | MICHAEL CROSS |
| JAMES D. CECCHI (1933-1995) | BRIAN H. FENLON | | OF COUNSEL | CHRISTOPHER J. BUGGY |
| JOHN G. GILFILLAN III (1936-2008) | LINDSEY H. TAYLOR | | *CERTIFIED BY THE SUPREME COURT OF | JOHN V. KELLY III |
| ELLIOT M. OLSTEIN (1939-2014) | CAROLINE F. BARTLETT | | NEW JERSEY AS A CIVIL TRIAL ATTORNEY | MICHAEL A. INNES |
| | | | **MEMBER NY AND MA BARS ONLY | |

May 25, 2020

+MEMBER FL BAR ONLY

<u>VIA ECF</u>

Hon. Ronnie Abrams
United States District Judge
40 Foley Square
New York, New York 10007

> Re:  Camp 1382 LLC d/b/a Campagnola Restaurant v. Lancer Insurance Co.
>      No. 20-cv-3336(RA)

Dear Judge Abrams:

We are co-counsel for Plaintiff in the above matter and along with counsel for Lancer Insurance Company request that the Court kindly accept this joint letter on behalf of both parties in response to the Court's May 4, 2020 Order and Notice of Initial Conference, Docket Entry 5.

1.  This is a putative class action on behalf of insureds of Lancer Insurance whose businesses were closed as a result of government stay-at-home orders and whose claims for  business interruption coverage were denied by Lancer. Lancer's defenses include, but are not limited to:

    a.  Lancer contends that the plaintiffs cannot establish coverage for loss of business income under their policies;

    b.  Lancer contends that the plaintiffs did not experience required direct physical loss of or damage to property;

    c.  Lancer contends that closure orders do not constitute a covered cause of loss under the policies;

    d.  Lancer contends that the policies contain a virus exclusion that applies to bar coverage for the class members' claims, even if the claims fell within the grant of Business Income coverage;

    e.  Lancer contends that the claims are also barred by exclusions for property damage caused by the enforcement of or compliance with any ordinance or law, seizure or destruction of property by order of governmental authority,

Hon. Ronnie Abrams
May 25, 2020
Page 2

and acts or decisions of any person, group, organization, or governmental body.

    f.   Lancer also contends that the claims do not fall within the policies' Civil Authority additional coverage because access to the insureds' premises is not prohibited and there is no physical damage to property caused by a Covered Cause of Loss for property damage within one mile of the insureds' premises.

2.    Plaintiff believes that jurisdiction arises under CAFA, 28 U.S.C. § 1332(d). Venue is proper in this District because Lancer does business in this District. Lancer contends that the plaintiff and/or the putative class members will be unable to establish the requirements of subject matter jurisdiction under CAFA and one or more of the exceptions to federal jurisdiction is present.

3.    There is currently pending before the Judicial Panel for Multidistrict Litigation, competing motions to transfer and consolidate all COVID-19-related business interruption insurance claims to either the Eastern District of Pennsylvania or the Northern District of Illinois, *In re Covid-19 Business Interruption Insurance Coverage Litigation*, MDL Docket No. 2942. This matter is a related action. The parties anticipate that the JPML will hear this matter at the July 30, 2020 hearing session and issue its decision shortly thereafter.

Lancer Insurance Company opposes the creation of a MDL. However, it joins with the plaintiff in this application.

In light of the pending motion before the JPML, the parties respectfully request that this matter be stayed, including Lancer's time to answer or otherwise move against the Complaint, pending a decision from the JPML in order to conserve both the parties' and the Court's resources until it is decided where this matter will proceed. *E.g., Royal Park Investments SA/NV v. Bank of America Corp.*, 941 F.Supp.2d 367, 370 (S.D.N.Y. 2013)

4.    No discovery has taken place.

5.    No settlement discussions have taken place.

6.    *See* 3.

7.    *See* 3.

If the Court requires a more formal application for a stay, or a proposed form of Order, kindly advise ad the parties will provide the appropriate paperwork. If the Court is not inclined to stay this matter pending a decision by the JPML, kindly so advise the parties and we will provide a proposed case management plan by the June 5 deadline in the Order.

CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO
A PROFESSIONAL CORPORATION

Hon. Ronnie Abrams
May 25, 2020
Page 3

Thank you for your attention to this matter.  If the Court has any questions, we are available at your convenience.

Respectfully Submitted,

CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO, P.C.                    HURWITZ & FINE, P.C.

/s/ Lindsey H. Taylor                                 /s/ Dan D. Kohane

LINDSEY H. TAYLOR                                    DAN D. KOHANE

cc:      All Counsel (via ECF)

Application granted.  This action is hereby stayed.  Within one week
of the JPML's decision, the parties shall jointly file a letter updating the
Court as to the status of the case, including whether they seek to extend
or life the stay.

The initial conference scheduled for June 12, 2020 is hereby adjourned
sine die.

SO ORDERED.

_____
Hon. Ronnie Abrams
5/26/2020