# CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C.
## COUNSELLORS AT LAW

| | | | | |
|---|---|---|---|---|
| CHARLES C. CARELLA | JAMES T. BYERS | **5 BECKER FARM ROAD** | PETER G. STEWART | RAYMOND J. LILLIE |
| BRENDAN T. BYRNE | DONALD F. MICELI | **ROSELAND, N.J. 07068-1739** | FRANCIS C. HAND | WILLIAM SQUIRE |
| JAN ALAN BRODY | A. RICHARD ROSS | PHONE (973) 994-1700 | AVRAM S. EULE | STEPHEN R. DANEK |
| JOHN M. AGNELLO | CARL R. WOODWARD, III | FAX (973) 994-1744 | CHRISTOPHER H. WESTRICK* | DONALD A. ECKLUND |
| CHARLES M. CARELLA | MELISSA E. FLAX | www.carellabyrne.com | JAMES A. O'BRIEN III** | MEGAN A. NATALE |
| JAMES E. CECCHI | DAVID G. GILFILLAN | | | ZACHARY S. BOWER+ |
| | G. GLENNON TROUBLEFIELD | | OF COUNSEL | MICHAEL CROSS |
| JAMES D. CECCHI (1933-1995) | BRIAN H. FENLON | | | CHRISTOPHER J. BUGGY |
| JOHN G. GILFILLAN III (1936-2008) | LINDSEY H. TAYLOR | | *CERTIFIED BY THE SUPREME COURT OF NEW JERSEY AS A CIVIL TRIAL ATTORNEY | JOHN V. KELLY III |
| ELLIOT M. OLSTEIN (1939-2014) | CAROLINE F. BARTLETT | October 2, 2020 | **MEMBER NY AND MA BARS ONLY | MICHAEL A. INNES |

+MEMBER FL BAR ONLY

<u>VIA ECF</u>

Hon. Ronnie Abrams
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

        Re:    Camp 1382 LLC d/b/a Campagnola Restaurant v. Lancer Insurance Co.
                 Case No. 1:20-cv-3336-RA

Dear Judge Abrams:

      We represent Plaintiff Camp 1382 LLC ("Campagnola") in the above matter. Kindly accept this letter brief in opposition to Defendant Lancer Insurance Company's ("Lancer") letter motion to stay discovery pending resolution of Lancer's motion to dismiss. For the reasons set forth below, that motion should be denied.

      Except for cases covered by the PSLRA (and this is not one), discovery should not be stayed simply on the basis that a motion to dismiss has been filed. *E.g. Ema Fin. LLC v. Vystar Corp.*, 2020 WL 4808650, at *2 (S.D.N.Y. Aug. 18, 2020). In some circumstances, a pending motion to dismiss may constitute good cause for a protective order staying discovery. *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013). Upon a showing of good cause, a court has considerable discretion to stay discovery pursuant to Rule 26(c). *Ema Fin.*, 2020 WL 4808650, at *2; *Hong Leong*, 297 F.R.D. at 72. When considering whether to grant a stay of discovery pending a motion to dismiss, the court must look to the particular circumstances and posture of each case. *Ema Fin.*, *id*. at *3; *Hong Leong*, *id.* The factors to be considered are: (1) the breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion. *Id.* When considering the strength of the motion, the party seeking a stay must present "substantial arguments for dismissal", or, stated another way, must provide "a strong showing that the opposing party's claim is unmeritorious." *Id.*[1]

      Lancer would have the Court believe that granting its motion to dismiss is a foregone conclusion, but it is simply not true that "this loss of use theory has been rejected by all courts that have considered it in the current pandemic context." (Lancer letter at 3) A growing body of case

---

[1]     Several of the cases cited by Lancer as to the strength of the motion state the standard is "appears to be not unfounded in law." (Lancer letter at 2-3) That standard was rejected in *Hong Leong* as being overly lenient. 297 F.R.D. at 72-73.

law has come out to the contrary. *See, e.g., Studio 417, Inc. v. Cincinnati Ins. Co.*, 2020 WL 4692385, at *5 (W.D. Mo. Aug. 12, 2020) ("Other courts have similarly recognized that even absent a physical alteration, a physical loss may occur when the property is uninhabitable or unusable for its intended purpose." (citing, *inter alia*, *Port Auth. of N.Y. & N.J. v. Affiliated FM Ins. Co.*, 311 F.3d 226, 236 (3d Cir. 2002) (applying NY and NJ law)); *Blue Springs Dental Care LLC v. Owners Insurance Co.*, 2020 WL 5637963, at *4 (W.D.Mo. Sept. 21, 2020); *K.C. Hopps, Ltd. v. Cincinnati Ins. Co.,* No. 20-cv-00437-SRB (W.D. Mo. Sept. 26, 2020); *Urogynecology Specialist of Fla. LLC v. Sentinel Ins. Co., Ltd.*, No. 6:20-cv-01174-ACC-EJK (M.D. Fla. Sept. 24, 2020); *Optical Services USA/JC1 v. Franklin Mutual Insurance Co.*, Docket No. BER-L-3681-20 (N.J. Law Div. Aug 13, 2020); *Ridley Park Fitness LLC v. Philadelphia Indemnity Insurance Co.*, No. 01093 (Pa. 1st Dist. Aug. 31, 2020)[2]. Lancer contends that one "fatal flaw" of Campagnola's claim is the lack of "direct physical damage" to its property. However, Campagnola's Lancer policy covers "direct physical loss of or damage to" property, not just "damage to" property. "Loss" or "damage", properly read, are two different things. *See, e.g.*, *Advance Cable Co. LLC v. Cincinnati Ins. Co.*, 788 F.3d 743, 747 (7th Cir. 2015); *Manpower, Inc. v. Ins. Co. of the State of Penn.*, 2009 WL 3738099, at *5 (E.D. Wis. Nov. 3, 2009). While Lancer has cited a string of cases that support its position, Campagnola is prepared to explain to the Court why each and every case Lancer cites is incorrectly decided under applicable insurance policy interpretation rules or is distinguishable from the instant case.

As far as the virus exclusion is concerned, the fact that Lancer contends that it unambiguously precludes coverage does not make it so. *See Urogynecology Specialist of Florida, LLC*, No. 6:20-cv-01174-ACC-EJK, ECF No. 21, at 6-7 (M.D.Fla. Sept. 24, 2020) (finding virus exclusion ambiguous as applied to COVID-19). Further, as will be explained in opposition to Lancer's motion to dismiss, the primary cause of Campagnola's loss was New York's stay-at-home orders, not an infestation of coronavirus. *See, e.g., Greenberg v. Privilege Underwriters Reciprocal Exch.*, 93 N.Y.S.3d 686, 688 (2d Dept. 2019) (under efficient proximate cause doctrine, if a covered peril is the primary cause of the loss, it is covered even if a non-covered peril contributed to the loss). A precautionary measure taken to avoid a non-covered peril in the future is different from the loss actually being caused by the non-covered peril. *See Newman Meyers Kreines Gross Harris, PC v. Great N. Ins. Co.,* 17 F. Supp. 3d 323, 333-34 (S.D.N.Y. 2014).

Lancer is likewise underestimating the length of time that a stay would be in place. Lancer filed its motion to dismiss earlier today. Campagnola's response is due in 30 days and Lancer's reply 10 days after that. Lancer is forgetting that the Court has way more than Lancer's motion to dismiss on its plate, so whatever time it takes for the Court to decide the issue will necessarily be added to the length of the stay. In the meantime, though, the financial situation for restaurants and other small businesses is dire. Nearly 90% of New York City restaurants cannot pay their full rent.[3] With the onset of cold weather and only limited indoor dining being allowed, restaurants are working on creative solutions that would continue in business with outdoor dining.[4] Already,

---

[2] Campagnola will provide copies of decisions unavailable on Westlaw or Lexis along with their motion opposition.
[3] https://www.nytimes.com/2020/09/22/nyregion/nyc-restaurants-rent.html
[4] https://www.nytimes.com/2020/09/25/nyregion/nyc-outdoor-restaurants-winter.htm

approximately one in six restaurants nationally have closed long-term or permanently, and the limited indoor dining that is going to be allowed in New York City is not necessarily a help.[5] From Campagnola's perspective, the appropriate solution is to allow discovery to go forward on a parallel track while the motion to dismiss is being decided rather than having the Court rush to a decision. The issues to be considered are not as simple as Lancer would have the Court believe and Campagnola believes that it would serve both parties' interests for the Court to take however much time it feels is necessary and appropriate to decide those issues.

The discovery that Campagnola will be seeking will not be nearly as burdensome as Lancer complains.[6] While discovery relating to the existence of documents which could identify class members would be part of discovery, discovery to actually identify class members is *not* an immediate priority. That is a task to follow class certification. What Campagnola will be seeking discovery about is Lancer's practices and policies relating to the its handling of COVID-19 business interruption claims, what policy forms it uses for business interruption insurance, its interpretation of the operative provisions of the insurance policies, and documents relating to regulatory approval of the relevant insurance forms. Those subjects do not seem to be terribly burdensome and any documents relating to those subjects should be relatively easy to locate. At this point, Campagnola would estimate that only a few depositions would be necessary. Given the usual course of litigation, the discovery that could be done by the time a decision on Lancer's motion to dismiss would be to serve written discovery, get responses, submit any disputes to the Court, and for Lancer to produce relevant documents. That is not terribly burdensome for Lancer, but it would put the litigation that much farther ahead when the Court denies Lancer's motion to dismiss.

Weighing all the relevant factors, Lancer's motion for a stay should be denied. The discovery that would be involved before a motion to dismiss would be decided is narrow, Plaintiff and other class members would be prejudiced by the delay due to the present economic conditions and, while Lancer itself believes its position is strong, it has not made "a strong showing that the opposing party's claim is unmeritorious."

We thank the Court for its attention to this matter and are happy to respond to any questions the Court may have.

                                    Respectfully submitted,

                              CARELLA, BYRNE, CECCHI,
                       OLSTEIN, BRODY & AGNELLO, P.C.

                                /s/ Lindsey H. Taylor

                                LINDSEY H. TAYLOR

cc: All Counsel (via ECF)

---

[5] https://www.nytimes.com/2020/09/30/nyregion/nj-dining.html
[6] The Court would probably take judicial notice that it is a rare class-action defendant who does not complain about the burden and expense of discovery.